**United States District Court**
For the Northern District of California

**\*E-FILED 4/20/06\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ALISON WHITE,

    Plaintiff,

v.

TERMINIX INTERNATIONAL, INC., et al.,

    Defendants.

NO. C -06-00849 (RS)

**ORDER VACATING HEARING AND REQUIRING FURTHER EVIDENTIARY SUBMISSION**

Defendants Terminix International, Inc. and Terminix International Company, LP removed this action from Santa Cruz Superior Court on grounds of diversity of citizenship between them and plaintiff Alison White, a California resident. White now moves for remand, asserting that defendants' principal place of business is California and that, therefore, there is no diversity. The Terminix entities have opposed the motion by submitting evidence and legal authority attempting to show that for purposes of diversity jurisdiction, they are citizens of Delaware or Tennessee, but not California.

The record before the Court is insufficient to determine whether jurisdiction exists. Although White has not raised the issue, Terminix International Company, LP is a partnership, not a corporation. Thus, the focus of the parties' papers on the issue of whether California could be considered the "principal place of business" of the Terminix entities is misdirected, or at best, premature.

1

"For purposes of deciding whether a suit by or against a limited partnership satisfies the requirement of complete diversity of citizenship . . . the citizenship of all the limited partners, as well as of the general partner, counts." *Hart v. Terminex International*, 336 F.3d 541, 542 (7th Cir. 2003).[1]  Furthermore, where a partnership has as one of its partners a second partnership, "it is the citizenship of the partners of the second partnership that matters (and if those partners are themselves partnerships, the inquiry must continue to their partners and so on.)" *Id*. at 543.

Here, the evidence submitted by the Terminix entities shows that the partners of Terminix International Company, L.P. include ServiceMaster Consumer Service, L.P,, another limited partnership ("ServiceMaster L.P."). Although ServiceMaster L.P. is described as a Delaware limited partnership with offices in Memphis, Tennessee, no information is provided as to the citizenship of its partners.

*Hart v. Terminex* provides a stark warning of the danger posed by taking jurisdictional inquiries too lightly. Eight years of litigation through judgment resulted only in a reversal on appeal with instructions to dismiss for lack of jurisdiction, simply because no one had looked carefully enough at the citizenship of the partners of Terminix International Company, L.P., which apparently is the *same* party involved in the present case.

> [T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." [Citation]  This may create some extra work for the diligent litigant, and for those with less diligence the limited partnership has become "a notorious source of jurisdictional complications," [citation] in which "mistakes concerning the existence of diversity jurisdiction are most common,"[Citation] . . . . We . . .provide, once more, a reminder to future litigants that they should strive to establish relevant and accurate jurisdictional facts at the outset "before unpleasant discoveries about jurisdictional facts require the parties and the judge to bemoan the waste of time and money invested in the litigation."

*Id.*

Accordingly, the hearing date for White's motion to remand is hereby VACATED. On or before May 5, 2006, the Terminix entities shall file and serve a supplemental declaration or

---

[1] "Terminex" is the spelling used in the caption of the case as reported in the Federal Reporter. However, the body of the opinion uses the spelling "Terminix."

2

1 declarations sufficient to establish the citizenship, for purposes of diversity jurisdiction, of Terminix
2 International Company, L.P., through as many layers of partnerships as may exist.  The matter will
3 then be deemed submitted and the Court will issue a further order.

5 IT IS SO ORDERED.
6 Dated: April 20, 2006

_____
RICHARD SEEBORG
United States Magistrate Judge

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

David Russell Beck     Beckandmathiesen@calcentral.com,

Dean M. Robinson     drobinson@lowball.com

Guy W. Stilson     gstilson@lowball.com,

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 4/20/06**                                                          **Chambers of Judge Richard Seeborg**

                                                                                     **By:        /s/ BAK**