**\*E-FILED 5/25/06\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALISON WHITE,<br><br>        Plaintiff,<br>  v.<br><br>TERMINIX INTERNATIONAL, INC et al.,<br><br>        Defendants.<br>_____/ | NO. C 06 00849 RS<br><br>**ORDER DENYING MOTION TO REMAND** |

## I. INTRODUCTION

Before the Court is plaintiff Alison White's motion to remand this action to Santa Cruz Superior Court. Defendants are Terminix International Inc. ("Terminix Inc.") and Terminix International Company, LP ("Terminix LP"). Upon initial consideration of White's motion, the Court determined that the factual record was incomplete with respect to the citizenship of the partners of defendant Terminix LP, preventing a determination as to whether complete diversity of citizenship exists. The Court therefore ordered defendants (collectively "Terminix") to submit additional evidence on the point, which they have now done. The additional evidence establishes that none of the partners of Terminix LP are citizens of California.

White's motion is premised on the argument that Terminix's principal place of business is California. White relies on information tending to show that Terminix may operate more retail locations in California than in any other single state, and on the legal principle that it is Terminix's burden to establish jurisdiction. Terminix has met that burden by showing that for diversity

1

purposes, it is a citizen of Delaware or Tennessee, but not California. Even if a plurality of Terminix's retail locations are in California, its operations here constitute a small enough percentage of its business activities that it cannot be said that California is its "principal place of business."

The Court finds this matter suitable for disposition without oral argument, pursuant to Local Rule 7-1 (b). The motion for remand will be denied.

## II. DISCUSSION

Terminix removed this action to this court pursuant to 28 U.S.C. § 1441 (a), which confers removal jurisdiction over actions as to which the federal courts have original jurisdiction. Under 28 U.S.C. § 1332(a), "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between (1) the citizens of different states . . . ."

There is no dispute here regarding the amount in controversy, but White contends that the parties lack diversity because Terminix may be viewed as a citizen of California. Terminix, Inc. is a corporation. Section 1332 (c), which expressly applies to determining the existence of diversity for purposes of original jurisdiction and to removal jurisdiction under section 1441, provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332 (c)(1). Terminix, Inc. is a Delaware corporation.

Terminix LP is a limited partnership. "For purposes of deciding whether a suit by or against a limited partnership satisfies the requirement of complete diversity of citizenship . . . the citizenship of all the limited partners, as well as of the general partner, counts." *Hart v. Terminex International*, 336 F.3d 541, 542 (7th Cir. 2003).[1] Furthermore, where a partnership has as one of its partners a second partnership, "it is the citizenship of the partners of the second partnership that matters (and if those partners are themselves partnerships, the inquiry must continue to their partners and so on.)" *Id*. at 543.

---

[1] "Terminex" is the spelling used in the caption of the case as reported in the Federal Reporter. However, the body of the opinion uses the spelling "Terminix."

2

1  Pursuant to Court's prior order, Terminix has now submitted evidence showing that tracing
2  through the layers of the partnerships behind Terminix LP ultimately leads only to corporations that
3  are all incorporated and headquartered outside California.  There is also nothing to suggest there is
4  any reason to believe that any of those corporations should or could be deemed as having a
5  "principal place of business" in California separate and apart from the business operations of
6  Terminix at issue.   Accordingly, despite the multiple corporate and partnership entities involved, the
7  jurisdictional question boils down to whether Terminix (collectively) can be said to have its
8  principal place of business in California.

9  The party asserting jurisdiction has the burden of proving all jurisdictional facts. *Industrial*
10 *Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092, (9th Cir. 1990).  Relying on that principle,
11 White's motion offered certain information tending to show that Terminix likely operates more retail
12 locations in California than it operates in any other single state, but White did not attempt to set out
13 a full description of Terminix's operations.[2]

> Federal courts generally use one of two tests for locating a corporation's principal
> place of business.  *See* 1 J. Moore, Moore's Federal Practice ¶ 0.77 [3] (2d ed. 1989).
>  Under the "nerve center test," developed in *Scot Typewriter Co. v. Underwood
> Corp.,* 170 F.Supp. 862, 865 (S.D.N.Y.1959), a corporation's principal place of
> business is where its executive and administrative functions are performed.   Under
> the "place of operations test," developed in *Inland Rubber Corp. v. Triple A Tire
> Service, Inc.,* 220 F.Supp. 490, 496 (S.D.N.Y.1963), the principal place of business is
> the state which "contains a substantial predominance of corporate operations."   *See
> Co- Efficient Energy Systems v. CSL Industries,* 812 F.2d 556, 558 (9th Cir.1987)

*Industrial Tectonics,* 912 F.2d at 1092.[3]

21 Here, Terminix's "nerve center" undeniably is located in Tennessee.   Teminix's executive,
22 financial, and sales offices are headquartered in Memphis and day-to-day control of the business is

---

[2] Terminix objects to and moves to strike the exhibits to the declaration of David Beck submitted in support of the motion.  Even assuming the evidence offered by White is fully admissible, however, it is insufficient to defeat the more detailed showing Terminix has made to establish that California is not its principal place of business.  The motion to strike is therefore moot.

[3] Some authorities use a third label, the "total activities" test. *See, e.g., J.A. Olson Co. v. Winona*, 818 F.2d 401, 404 (5th Cir. 1987).   That formulation, however, merely incorporates and harmonizes the other two tests.  *Id.*   That approach is consistent with the analysis of the *Industrial Tectonics* opinion, as discussed herein.

3

1 exercised there. See Declaration of Stephen F. Carter ¶¶ 4-11, 15. *Industrial Tectonics,* however, holds that the nerve center test is properly applied "only when no state contains a *substantial predominance* of the corporation's business activities." 912 F. 2d 1094 (emphasis added).  Relying on that rule, White attempts to argue that the fact that Terminix apparently has more retail locations in California than in any other single state is enough to justify a conclusion that the "substantial predominance" of it business activities are here.

Even by White's count, however, far less than a majority of Terminix's retail locations are located in California.[4]  There is also no dispute that Terminix operates in all but a handful of states across the nation.  Thus, the facts here are unlike the situation in *Industrial Tectonics*, where the defendant's operations were confined to two states, in one of which a clear majority of the company's operations took place, by any measure.  912 F.2d at 1093, 1094 (61% of sales, 69% of operating income, 64% of receivables, 75% of inventories, 63% of equipment, and more than half the employees all attributed to one state.)

It may be that  "substantial predominance" would not always require that a *majority* of the operations be found in one state.  Under the facts here, though, where a nation-wide business merely appears to have retail outlets in California in numbers reasonably consistent with California's position as a large and populous state, it would be inconsistent with the reasoning of the *Industrial Tectonics* court and common sense to conclude that the "substantial predominance" of the business is here.

---

[4] Based on dubious methodology, White calculates that 40.8% of Terminix's retail locations are in California; Terminix puts the real number at 49 out of "approximately 400."  Even assuming White's percentage is correct, though, that is not enough to bring this case within the rationale of *Industrial Tectonics*.

4

III. CONCLUSION

The motion to remand is DENIED.

IT IS SO ORDERED.

Dated: May 25, 2006

/s/ Richard Seeborg
RICHARD SEEBORG
United States Magistrate Judge

ORDER DENYING MOTION TO REMAND
C 06 00849 RS

5

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

David Russell Beck     Beckandmathiesen@calcentral.com,

Dean M. Robinson     drobinson@lowball.com

Guy W. Stilson     gstilson@lowball.com,

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: May 25, 2006**                                             **Chambers of Judge Richard Seeborg**

                                           **By:**     **/s/ BAK**

ORDER DENYING MOTION TO REMAND
C 06 00849 RS

**United States District Court**
For the Northern District of California